IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MALCOLM WIGGINS, )
 )
    Plaintiff, )
 )
    v. ) Case No. 3:17-cv-583-DRH-DGW
 )
JOHN BALDWIN, et al. )
 )
    Defendants. )

## REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on Plaintiff's Motion for Preliminary Injunction[1] (Doc. 8). For the reasons set forth below, it is **RECOMMENDED** that the Motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Malcolm Wiggins is an inmate in the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff filed this lawsuit on June 2, 2017 pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center ("Shawnee"). In his complaint, Plaintiff asserts that his cell was shaken down because he was known to file grievances and, during the course of said shakedown, officers subjected him to

---

[1] Plaintiff captioned his filing as an "Order to Show Cause for an Preliminary [*sic*]"; however, the Court construes said filing as a motion for preliminary injunction.

excessive force and an unreasonable strip search, causing him injury. Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One: John Doe used excessive force on Plaintiff when he cuffed his hands too tightly, causing injury in violation of the Eighth Amendment;
>
> Count Two: Doe and Unknown Orange Crush Member conducted an unreasonable strip search of Plaintiff when they conducted it in a humiliating manner, in violation of the Eighth Amendment;
>
> Count Three: Dennison and Yurkovich had a custom or practice of directing and/or condoning strip searches and/or shakedowns conducted in an unreasonable manner in violation of the Eighth Amendment; and
>
> Count Four: David, Apostle, and Pittayathihan were deliberately indifferent to Plaintiff's serious medical needs when they delayed treating him after he suffered injuries during the shakedown and persisted in a course of medical treatment after it proved ineffective in violation of the Eighth Amendment.

Soon after his complaint was filed, on July 5, 2017, Plaintiff filed a notice of change of address informing the Court that he had been transferred and was currently incarcerated at the Illinois River Correctional Center ("Illinois River"). On July 10, 2017, Plaintiff filed the motion for preliminary injunction now before the Court (Doc. 8). In his motion, Plaintiff requests the following injunctive relief:

> 1. Plaintiff seeks to be permanently housed on the lower level of any housing unit and to be issued a permanent "low bunk" permit due to having a bone protruding out of his skin due to his Orange Crush injury;
>
> 2. Plaintiff seeks front-cuff permits "until surgery is done"; and
>
> 3. Plaintiff asks the Court to order Defendants to immediately order an MRI and refer him to be seen by a specialist to determine why he is in constant severe

pain.

Plaintiff also included a "memorandum of law" with his motion that is styled as a complaint and names as defendants Justin Hammers, the Warden of Illinois River, Mark Pirtle, the Assistant Warden of Programs at Illinois River, Healthcare Administrator Jane Doe, Nurse Practitioner Bridget Doe, and Medical Director Dr. K. Osmundson. Plaintiff indicates that each defendant is "sued individually and in his official capacity."

In the factual section of his memorandum, Plaintiff complains that he is being targeted by correctional officers and healthcare staff and will suffer imminent injury due to the illegal acts of the prison staff. Plaintiff fails to articulate how the staff is targeting him or what imminent injury he is facing. Plaintiff, however, indicates that this case presents extraordinary circumstances and he cannot wait to exhaust his administrative remedies.

Plaintiff also filed a number of declarations in support of his motion (*see* Docs. 34-35, 38-42). In these declarations, Plaintiff asserts that he is an asthmatic and complains that he is only receiving a new inhaler once every six months. Plaintiff seeks a preliminary injunction so that he may receive a new inhaler every thirty days.

Defendants Baldwin and Dennison object to Plaintiff's motion for preliminary injunction requesting that it be denied as Plaintiff is seeking injunctive relief from persons who are not named as Defendants in the case now before the Court (Doc. 27).

The Court held a hearing on Plaintiff's motion for preliminary injunction on November 15, 2017. At the hearing, Plaintiff indicated he is still experiencing pain from the bone protruding out of his shoulder. Plaintiff indicated he was taking 100 mg of Neurontin every night, but it is not effective in treating his pain, lowering it only slightly from a constant "7" on a 10 point scale.

Plaintiff asserted he has not received medical treatment, aside from pain medication, since June, 2017, but he has not put in a request slip to seek healthcare since that time due to the co-payment requirement.

### CONCLUSIONS OF LAW

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that Plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE §2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating:

1. a reasonable likelihood of success on the merits;
2. no adequate remedy at law; and
3. irreparable harm absent the injunction.

*Planned Parenthood v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012). As to the first hurdle, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). Once Plaintiff has met his burden, the Court must weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. In addition, the Prison Litigation Reform Act provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct

the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). Accordingly, the preliminary injunctive relief sought must relate to the claims pending in the underlying lawsuit. *See Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994) (per curiam) (holding that "a party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint"). A motion for preliminary injunction is not a proper avenue to pursue additional claims or name additional defendants. The Court notes the Plaintiff is seeking preliminary injunctive relief from prison officials at Illinois River, none of whom are named in the complaint. Plaintiff may not seek said relief from these individuals as there are no claims pending against them. Further, the only defendant who may be in a position to give Plaintiff the relief he is requesting, namely a special housing assignment, medical permits, a referral to an outside specialist, and the issuance of an asthma inhaler every thirty days, is John Baldwin, the director of the IDOC. Baldwin was added as a defendant to this action in his official capacity for purposes of carrying out any necessary injunctive relief.

Although Baldwin has the authority to carry out an order for injunctive relief, the only relief that is related to the claims set forth in the underlying complaint is Plaintiff's request for a special housing assignment, medical permits, and a referral to an outside orthopedic specialist

(insofar as it relates to Plaintiff's claim of deliberate indifference set forth in Count Four). *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally."). While Plaintiff has properly set forth a request for some preliminary relief, Plaintiff has not set forth sufficient evidence to meet the exacting standard for a preliminary injunction. In particular, Plaintiff has not demonstrated a reasonable likelihood of success on the merits on his claim of deliberate indifference against Defendants Dr. Apostle, Dr. Alfonso, and Tammy Pittayathihan, to which his relevant requested preliminary injunctive relief relates[2].

In order to prevail on a claim of deliberate indifference, Plaintiff must show first that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted). Plaintiff has presented no medical records or other evidence to substantiate his claim that Defendants were deliberately indifferent to his serious medical needs. Indeed, the only evidence regarding his relevant medical treatment are Plaintiff's statements at the preliminary injunction hearing wherein he indicated he is currently taking

---

[2] The Court does not consider Plaintiff's complaint to have evidentiary value as it does not contain a sufficient declaration pursuant to 28 U.S.C. § 1746. Section 1746 requires unsworn declarations to be written in "substantially the following form" … "(2) If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date) (Signature).'." Here, Plaintiff merely writes "verified complaint pursuant to 28 U.S.C. §1746." Although § 1746 allows for verification without adhering to the exact form, Plaintiff's statement is simply insufficient to reference his acknowledgement that said statements are made under penalty of perjury and that he verifies the truth of the same.

Neurontin, a medication intended to reduce his pain, and, before that, he was taking Noxpirin, also to manage his pain. Plaintiff remarked that he had seen a nurse practitioner at Shawnee who indicated he would need to take pain medication for six months before anything else would be done. Plaintiff also indicated he had not submitted a health care request form since he saw a doctor in June, 2017 regarding his current medical issue. Based on this evidence, it appears Plaintiff has received medical treatment for his complaints of pain related to his shoulder injury. Plaintiff has presented no medical evidence to show that the pain medication he has been prescribed is so totally without medical or penological justification that it results in the gratuitous infliction of suffering. *See Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Moreover, Plaintiff has presented no evidence that Defendants Apostle, Alfonso, and Tammy Pittayathihan were deliberately indifferent to his medical condition so as to warrant the extraordinary relief he now seeks.

## RECOMMENDATIONS

Based on the foregoing, it is **RECOMMENDED** that Plaintiff's Motion for Preliminary Injunction (Doc. 8) be **DENIED**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: November 20, 2017**　　　　　　　

　　　　　　　　　　　　　　　　　　　　**DONALD G. WILKERSON**
　　　　　　　　　　　　　　　　　　　　**United States Magistrate Judge**