IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MALCOM WIGGINS,**

**Plaintiff,**

**v.**

**JOHN BALDWIN, et al.,**

**Defendants.**                                    No. 17-cv-583-DRH-DGW

### MEMORANDUM and ORDER

**HERNDON, District Judge:**

### Introduction & Background

This matter comes before the Court on the Report and Recommendation ("Report") of Magistrate Judge Donald G. Wilkerson (Doc. 58). The Report recommends that the Court deny plaintiff Malcom Wiggins' motion for preliminary injunction (Doc. 8). Wiggins has objected to the Report. (Doc. 64). Based on the applicable law, the record and the following, the Court **ADOPTS** the Report (Doc. 58) in its entirety, and denies the motion for preliminary injunction (Doc. 8).

Plaintiff Malcom Wiggins brought this *pro se* action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. The Court screened Wiggins' complaint pursuant to 28 U.S.C. §1915A the following claims were allowed to proceed:

> **Count One**: John Doe used excessive force on Plaintiff when he cuffed his hands too tightly, causing injury in violation of the Eighth Amendment;
> **Count Two**: Doe and Unknown Orange Crush Member conducted an unreasonable strip search of Plaintiff when they conducted it in a humiliating manner, in violation of the Eighth Amendment;

**Count Three**: Dennison and Yurkovich had a custom or practice of directing and/or condoning strip searches and/or shakedowns conducted in an unreasonable manner in violation of the Eighth Amendment; and

**Count Four**: David, Apostle, and Pittayathihan were deliberately indifferent to Plaintiff's serious medical needs when they delayed treating him after he suffered injuries during the shakedown and persisted in a course of medical treatment after it proved ineffective in violation of the Eighth Amendment.

Thereafter, on July 10, 2017, Wiggins filed the pending motion for preliminary injunction (Doc. 8), in which he requests the following injunctive relief:

1. Plaintiff seeks to be permanently housed on the lower level of any housing unit and to be issued a permanent "low bunk" permit due to having a bone protruding out of his skin due to his Orange Crush injury;
2. Plaintiff seeks front-cuff permits "until surgery is done"; and
3. Plaintiff asks the Court to order Defendants to immediately order an MRI and refer him to be seen by a specialist to determine why he is in constant severe pain.

Wiggins also included a "memorandum of law" with the aforementioned motion that is styled as a complaint. That memorandum names as defendants Justin Hammers, Warden of Illinois River, Mark Pirtle, Assistant Warden of Programs at Illinois River, Healthcare Administrator Jane Doe, Nurse Practitioner Bridget Doe, and Medical Director Dr. K. Osmundson. Wiggins specifically alleges that he is being targeted by correctional officers and healthcare staff and will suffer imminent injury due to the illegal acts of the prison staff. Plaintiff fails to articulate how the staff is targeting him or what imminent injury he is facing. Plaintiff, however, indicates that this case presents extraordinary circumstances and he cannot wait to exhaust his administrative remedies.

In support of his motion, Wiggins also filed multiple declarations (Docs. 34-35, 38-42), in which he asserts that he is an asthmatic and is only receiving a new inhaler once every six months. Plaintiff seeks a preliminary injunction so that he may receive a new inhaler every thirty days. Defendants Baldwin and Dennison opposed Wiggins' motion for preliminary injunction requesting that it be denied on the basis that Wiggins is seeking injunctive relief from persons who are not named as defendants in underlying action (Doc. 27).

Magistrate Judge Wilkerson held an evidentiary hearing on the motion for preliminary injunction on November 15, 2017 (Doc. 25). Pursuant to 28 U.S.C. § 636(b)(1)(B), Magistrate Judge Wilkerson submitted the Report on November 20, 2017 (Doc. 58). The Report recommends that the Court deny Wiggins' motion for preliminary injunction finding that Wiggins had not demonstrated a likelihood of success on the merits. The Report was sent to the parties with a notice informing them of their right to appeal by way of filing "objections" within 14 days of service of the Report. Plaintiff filed timely objections on December 5, 2017 (Doc. 64).

## Analysis

The Court's review of the Report is governed by 28 U.S.C. § 636(b)(1), which provides in part:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b) also directs that the Court must only make a *de novo* determination of those portions of the report and recommendation to which specific written objection has been made. *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). If no objection or only a partial objection is made, the Court reviews those unobjected portions for clear error. *Id.* In addition, failure to file objections with the district court "waives appellate review of both factual and legal questions." *Id.* Under the clear error standard, the Court can only overturn a Magistrate Judge's ruling if the Court is left with "the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997).

Specifically, the Report found:

> "The Court notes the Plaintiff is seeking preliminary injunctive relief from prison officials at Illinois River, none of whom are named in the complaint. Plaintiff may not seek said relief from these individuals as there are no claims pending against them. Further, the only defendant who may be in a position to give Plaintiff the relief he is requesting, namely a special housing assignment, medical permits, a referral to an outside specialist, and the issuance of an asthma inhaler every thirty days, is John Baldwin, the director of the IDOC. Baldwin was added as a defendant to this action in his official capacity for purposes of carrying out any necessary injunctive relief.
>
> Although Baldwin has the authority to carry out an order for injunctive relief, the only relief that is related to the claims set forth in the underlying complaint is Plaintiff's request for a special housing assignment, medical permits, and a referral to an outside orthopedic specialist. insofar as it relates to Plaintiff's claim of deliberate indifference set forth in Count Four). *Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The

> relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally."). While Plaintiff has properly set forth a request for some preliminary relief, Plaintiff has not set forth sufficient evidence to meet the exacting standard for a preliminary injunction. In particular, Plaintiff has not demonstrated a reasonable likelihood of success on the merits on his claim of deliberate indifference against Defendants Dr. Apostle, Dr. Alfonso, and Tammy Pittayathihan, to which his relevant requested preliminary injunctive relief relates.
>
> In order to prevail on a claim of deliberate indifference, Plaintiff must show first that his condition was "objectively, sufficiently serious" and second, that the "prison officials acted with a sufficiently culpable state of mind." *Greeno v. Daley*, 414 F.3d 645, 652-53 (7th Cir. 2005) (citations and quotation marks omitted). Plaintiff has presented no medical records or other evidence to substantiate his claim that Defendants were deliberately indifferent to his serious medical needs. Indeed, the only evidence regarding his relevant medical treatment are Plaintiff's statements at the preliminary injunction hearing wherein he indicated he is currently taking Neurontin, a medication intended to reduce his pain, and, before that, he was taking Noxpirin, also to manage his pain. Plaintiff remarked that he had seen a nurse practitioner at Shawnee who indicated he would need to take pain medication for six months before anything else would be done. Plaintiff also indicated he had not submitted a health care request form since he saw a doctor in June, 2017 regarding his current medical issue. Based on this evidence, it appears Plaintiff has received medical treatment for his complaints of pain related to his shoulder injury. Plaintiff has presented no medical evidence to show that the pain medication he has been prescribed is so totally without medical or penological justification that it results in the gratuitous infliction of suffering. See *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003). Moreover, Plaintiff has presented no evidence that Defendants Apostle, Alfonso, and Tammy Pittayathihan were deliberately indifferent to his medical condition so as to warrant the extraordinary relief he now seeks."

(Doc. 58, pg. 5-7).

Here, the Court agrees with Magistrate Judge Wilkerson's analysis in the

Report and finds that Wiggins is not entitled to injunctive relief, as he has not demonstrated a likelihood of success on the merits on the deliberate indifference claim. Furthermore, as to plaintiff's request for preliminary injunctive relief from prison officials at Illinois River, none of those officials are named in Wiggins' complaint. Plaintiff may not seek relief from those individuals as there are no claims pending against them.

## Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety (Doc. 58). The Court **DENIES** plaintiff's motion for preliminary injunction (Doc. 8).

**IT IS SO ORDERED.**

Judge Herndon
2017.12.12
13:37:00 -06'00'

**United States District Judge**